JOHNSON LOCKE MERCANTILE CO. v. BURNET, Com'r of Internal Revenue.

No. 5136.

Court of Appeals of District of Columbia.

Argued June 1, 1931.

Decided June 29, 1931.

G. E. H. Goodner, of Washington, D. C., for appellant.

Sewall Key, C. M. Charest, J. S. Franklin, and F. E. Mitchell, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and HITZ and GRONER, Associate Justices.

HITZ, Associate Justice.

This is an appeal from an order of redetermination of the Board of Tax Appeals, pursuant to sections 1001, 1002, and 1003 of the Revenue Act of 1926, c. 27, 44 Stat. 9, 109, 110 (26 USCA §§ 1225, 1226, and § 1224 and note).

It involves corporation income and profits taxes for the year 1921 and 1922, and, more particularly, the question whether certain items claimed by appellant to be accrued interest were properly disallowed as deductions from gross income.

Petitioner, a California corporation, with its principal offices in San Francisco, on March 27, 1915, entered into an agreement with its creditors and a trustee, whereby practically all of its stock was transferred to the trustee, who was to pay the creditors on account of their respective debts aggregating $924,350.36.

Thereby petitioner obtained an extension of five years for the payment of the obligations, and all claims for interest due or to become due were waived so long as the contract was kept.

On January 3, 1921, the obligations still being unpaid, a new agreement was entered into, extending for three years the period for payment and providing that, if in that time an amount were paid which added to the payments made under the former agreement, should total 45 per cent. of $924,350.36, the debts would be considered paid in full and discharged.

This agreement further provided that all sums theretofore and thereafter paid should be considered as payments on account of the interest on the obligations and not on account of principal.

By June 15, 1922, the creditors had received under the two agreements 45 per cent. of $924,350.36, without interest, and the obligations were thereby discharged.

Petitioner contends that since by contract the payments were called interest, and were so treated by the parties, it is entitled to deduct from its gross income for 1921, 7 per cent. of $924,350.36; and for 1922, interest on the same sum from January 1 to June 15, at the same rate, being the legal rate in California.

These deductions are claimed under section 234, Revenue Act of 1921, c. 136, 42 Stat. 227, 254:

"(a) That in computing the net income of a corporation subject to the tax imposed

by section 230 there shall be allowed as deductions: * * *

"(2) All interest paid or accrued within the taxable year on its indebtedness. * * *"

The Commissioner and Board of Tax Appeals in effect held that calling the payments interest did not make them interest, and that they were actually payments on the principal sums due and in discharge thereof.

With these findings we agree.

As said by Mr. Klein on page 451 of his work on Federal Income Taxation, "if what is termed 'interest' by the parties is really part and parcel of the debt, the item cannot be deducted."

Moneys paid under the 1915 contract were not to have been treated as interest until the contract of 1921, wherein the principal was considered as unchanged by their payment, but it was provided that they should form part of the settlement sum.

Reduced to its bones, the agreement of 1921 was a contingent settlement with creditors at 45 cents on the dollar, with a credit thereon for moneys paid under the 1915 agreement.

While the payments under the agreement were designated "interest," there was no provision for the payment of interest in the usual acceptation of the term unless the contingency should not arise, through failure to make payments totaling 45 per cent.

But the contingency did arise and the settlement was completed by payment of 45 per cent in less than a year and a half, from which it is evident that the officers of the corporation should have known before deduction of interest for 1921 that nothing but the 45 per cent. would in fact be paid.

"A contingent liability per se cannot justify a current deduction; a liability must have become absolute before it can result in a deductible expense." Klein, Federal Income Taxation, 1930 Supplement, page 57, Par. 15:7.

The question of interest was voluntarily left in abeyance for some three years, with experience suggesting that it would probably not be paid, and a deduction claimed for one year when this probability was strengthened, and for another year or part thereof, when the probability had become a certainty.

The amount paid by petitioner to its creditors was not interest, and the petitioner was not entitled to deduction for interest, either accrued or paid.

The decision of the Board of Tax Appeals is affirmed.

Affirmed.